UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80768-CIV-MARRA/MATTHEWMAN

WYATT R. DUVALL,

Plaintiff,

vs.

INFINITY SALES GROUP, LLC,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (DE 10); Defendant's Motion to Strike (DE 18) and Plaintiff's Motion to Strike (DE 21). The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I. Background

Plaintiff Wyatt R. Duvall ("Plaintiff"), who is proceeding pro se, brings a two-count complaint against Defendant Infinity Sales Group, LLC ("Defendant"). (DE 1.) The first count is labeled "Violation of Defendant's[1] Rights under the Age Discrimination in Employment Act of 1967" and the second count is labeled "Intentional, Wrongful Acts by Defendants' Employees which Injured Plaintiff."

According to the allegations of the Complaint, Plaintiff, who is 69, was hired to work in Defendant's call center as a customer service agent and began a training period on March 14, 2013. (Compl. ¶¶ 2, 21; Charge of Discrimination, Ex. A to Compl.) At the end of a three week employment period, Plaintiff was "targeted" by other employees which resulted in a

---

[1] The Court assumes this is a scrivener's error and Plaintiff intended to state "Plaintiff's."

"manipulation of Plaintiff's inbound calls and related closing statistics." (Compl. ¶ 3.) These manipulated statistics were then used as a basis for firing Plaintiff even though younger employees, with "lesser" closing statistics, were not fired. (Compl. ¶ 4.) For example, a 22 year old employee had a 3% sales rate in comparison to Plaintiff's 7% sales rate, yet she received a warning whereas Plaintiff was terminated. (Charge of Discrimination.) The training period exists to determine whether a new employee has the necessary skills to be successful in Defendant's employ. (April 24, 2013 letter from Defendant to Plaintiff, Ex. D, attached to Compl.)

II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion

to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.  Discussion

"The ADEA makes it 'unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir.2000) (en banc) (quoting 29 U.S.C. § 623(a)(1)).  A plaintiff alleging disparate treatment in violation of the ADEA "must prove by a preponderance of the evidence (which may be direct or circumstantial) [ ] that age was the 'but-for' cause of the challenged employer decision." Gross v. FBL Fin. Svcs., 129 S. Ct. 2343, 2350 (2009).  "[T]he ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of age is that age was the 'reason' that the employer decided to act." Id.; see Vahey v. Philips Electronics N. Am. Corp., No. 10–15052, 2012 WL 573628, at * 1 (11th Cir. 2012);  Liles v. Stuart Weitzman, LLC, No. 09-61448-CIV, 2010 WL 2490944, at * 3 (S.D. Fla. June 16, 2010). To make a prima facie case under the McDonnell Douglas circumstantial framework, a plaintiff alleging age discrimination must assert facts showing that: (1) he is over the age of 40; (2) he was subjected to an adverse employment action; (3) that a substantially younger person filled the position that he sought or from which he was discharged; and (4) that he was qualified for the job. See Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir. 1998).

Here, the Complaint, along with attached exhibits,[2] alleges that Plaintiff is 69 years old and Defendant terminated him based on his poor performance. In contrast, a 22 year old employee, who was in Plaintiff's training class and whose performance was less proficient than Plaintiff's, was given a warning and was not terminated. The Complaint, however, does not allege that Plaintiff was qualified for the job. Therefore, Plaintiff is granted leave to amend to remedy this pleading deficiency.

Defendant claims that the Complaint is also deficient because it is conclusory with respect to allegations regarding the comparators as to their ages and their being similarly situated. The Court disagrees. The Charge of Discrimination attached to the Complaint alleges that the 22 year old employee who was in Plaintiff's training class was not terminated whereas Plaintiff was not allowed to continue to become a permanent employee. A letter by Defendant explains that the training period allows it to decide which employees would be successful and therefore advance to permanent employment. As such, Defendant's arguments on these points are unpersuasive. See Pickney v. Maverick Condo. Ass'n Inc., No. 6:11–cv–241–Orl–19DAB, 2011 WL 2433505, at * 2 (M.D. Fla. June 14, 2011) ("The requisite causal connection between age and termination may be sufficiently pled by, inter alia, factual allegations indicating that the plaintiff was replaced by a substantially younger individual or that the plaintiff was treated differently than a similarly situated, substantially younger employee.")

Next, the Court addresses the second cause of action. Although somewhat unclear, it appears that Plaintiff has brought a claim for wrongful interference with an employment

---

[2] Courts consider the complaint and documents attached thereto when analyzing a motion to dismiss. Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007).

relationship.[3] The elements of the tort of unlawful interference with a business relationship are (1) the existence of a business relationship under which the claimant has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship; (4) by a third party; and (5) damages to the claimant caused by the interference. Sloan v. Sax, 505 So. 2d 526, 527-28 (Fla. Dist. Ct. App. 1987). The claim, however, fails because it is well settled that a claim for tortious interference cannot lie where the alleged interference is directed at a business relationship to which the defendant is a party. Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1294 (11th Cir. 2001). Defendant is a party to the business relationship allegedly interfered with and therefore this claim is dismissed.

The Court notes that this count does refer to actions by Defendant's employees. However, none of these employees are parties to the lawsuit. Even if the involved employees were named as defendants, "Florida courts have established that in the context of a managerial or supervisory employee terminating a plaintiff's employment, an action will usually not lie against the terminating employee because he/she is considered a party to the employment relationship." See Rudnick v. Sears, Roebuck and Co., 358 F. Supp. 2d 1201, 1206 (citing West v. Troelstrup, 367 So.2d 253 (Fla. Dist. Ct. App. 1979); Doyal v. School Board of Liberty County, 415 So.2d 791 (Fla. Dist. Ct. App. 1982)).[4]

---

[3] Although Plaintiff did not provide this label in the Complaint, he provides this in his response memorandum and Defendant addressed it in its reply memorandum.

[4] While there is an exception to this rule, it requires that the employee acted with ill will towards Plaintiff, outside the scope of employment responsibilities and induced the employer to terminate a business relationship to the employer's detriment. Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So. 2d 381, 386 (Fla. Dist. Ct. App. 1999); O.E. Smith's Sons, Inc. v. George, 545 So. 2d 298, 299 (Fla. Dist. Ct. App. 1989).

In conclusion, count two, as brought against Defendant, is dismissed with prejudice. The Court will not grant leave to amend this claim against Defendant because it would be futile.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion to Dismiss Plaintiff's Complaint (DE 10) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is granted leave to amend consistent with this Order.

2) Defendant's Motion to Strike (DE 18) is **DENIED AS MOOT** on the basis that Plaintiff has withdrawn the document Defendant sought to strike (see DE 22).

3) Plaintiff's Motion to Strike (DE 21) is **DENIED**. Defendant is entitled to file a reply memorandum pursuant to Local Rule 7.1(c) of the Southern District of Florida and the reply memorandum is not redundant, immaterial or frivolous as asserted by Plaintiff.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of January, 2014.

                                                KENNETH A. MARRA
                                                United States District Judge